UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODNEY BAGGOT and<br>KIMBERLY BOWENS,<br><br>Defendants. | CRIMINAL NO. 24-CR-127 (RBW) |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT BAGGOTT'S [ECF 35] AND DEFENDANT BOWENS' [ECF 38] MOTIONS TO SEVER**

The United States of America respectfully submits this memorandum in opposition to Defendant Baggott's [ECF 35] and Defendant Bowens' [ECF 38] motions to sever. Mr. Baggott's motion, focused on *Bruton* issues, should be denied because the Government does not intend to introduce Ms. Bowens' statements to law enforcement in its case-in-chief. Ms. Bowens' motions should also be denied. Ms. Bowens is properly joined under Rule 8(b), as she was present for the shooting and is charged with misprision and accessory after the fact for concealing her presence at the shooting and covering up damage to the vehicle used in the shooting. And Ms. Bowens will suffer no prejudice under Rule 14 in a joint trial because the evidence at a joint trial will be substantially the same as evidence at a trial of Ms. Bowens alone. For these reasons, the motions should be denied.

**FACTS[1]**

On January 30, 2024, Rodney Baggott drove a white Mitsubishi Outlander to his then-girlfriend Kimberly Bowens' office at a law firm in Dupont Circle. Around 3:38 PM, Mr. Baggott messaged Ms.

---

[1] The government provided a detailed factual background in its Omnibus Pretrial Motions, ECF 37 at 2-7, which it incorporates by reference. The facts here focus on the link between Ms. Bowens' and Mr. Baggott's actions necessary to resolve the defendants' respective motions to sever.

1

Bowens to "copy the shit and bring it out here." Shortly before 4:00 PM, Ms. Bowens left her office and joined Mr. Baggott, as corroborated by her cell site location information. Just a few minutes later and a few blocks north, Mr. Baggott pulled out a gun and shot an Uber Eats driver in the head after a minor traffic dispute at the intersection of Connecticut and Q St, NW, in Washington D.C.

Mr. Baggott then fled the scene with Ms. Bowens sitting in the passenger seat. While Mr. Baggott fled the scene, and less than 24 minutes after the shooting, Ms. Bowens called an auto body repair shop to fix distinctive damage on the vehicle—distinctive damage that would go out on a police bulletin later that day and would ultimately be used to link Mr. Baggott and Ms. Bowens to the shooting. After calling the auto body repair shop, Ms. Bowens then had Mr. Baggott drop her off in LeDroit Park, where she used a ride-share service to go back to work despite being close to her apartment on M Street NE. Once back at work shortly before 4:50 PM, she pretended she never left, indicating on her timesheet that she worked a full day without leave.

Two days later, Ms. Bowens and Mr. Baggott again messaged about repairing the car at the same auto body shop that Ms. Bowens called while they were fleeing the scene of the shooting. After that conversation, Mr. Baggott sent Ms. Bowens the link to a FOX 5 DC news article with surveillance images from the shooting, which showed their car:



2

The car was taken to the auto body shop a short time later and the damage was fixed.

On March 2, 2024, an officer with the Montgomery County Police Department stopped Mr. Baggott and Ms. Bowens while they were in the white Mitsubishi Outlander. Mr. Baggott was arrested for illegally possessing a gun in the vehicle. Ms. Bowens was then interviewed by police that day about the shooting. Ms. Bowens told law enforcement, among other things, that her boyfriend, Mr. Baggott, had the Mitsubishi on the day of the shooting, that it was his vehicle, and that it was in her name but that Mr. Baggott drove it each day and is a registered driver on the insurance. Ms. Bowens also indicated that she was at work all day until 5:30 PM on the day of the shooting and that law enforcement could verify that with her employer. Ms. Bowens also told law enforcement that she loved Mr. Baggott and loved "bad boys," and that she would not speak up if she knew more about the shooting.

On March 3, 2024, law enforcement found the gun used in the shooting during a search warrant at the apartment leased by Ms. Bowens. The gun had both Ms. Bowens' and Mr. Baggott's DNA on it.

## ARGUMENT

Federal Rules of Criminal Procedure 8(b) and 14 are "designed to promote economy and efficiency and to avoid a multiplicity of trials" as long as it does not "substantially prejudice" a defendant's right to a fair trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (internal citations and quotations omitted). Rodney Baggott and Kimberly Bowens are jointly charged for offenses on January 30, 2024: Mr. Baggott for offenses relating to shooting an Uber Eats driver and Ms. Bowens for offenses relating to her role in helping Mr. Baggott cover up damage to their vehicle that would link them to the shooting and in trying to conceal her own presence during the shooting. These offenses are properly joined under Rule 8(b). And because separate trials would involve the same evidence as a joint trial, no prejudice exists under Rule 14 warranting severance. For these reasons, the motions to sever should be denied.

### I. No *Bruton* Issue Exists in this Case.

Defendant Rodney Baggott primarily argues that severance is required to avoid issues under *Bruton v. United States*, 391 U.S. 123 (1968). (*See* ECF 35). As Mr. Baggott recognized in his motion, the Government indicated at a status hearing that it did not intend to introduce evidence of testimonial statements that Ms. Bowens made to law enforcement in its case-in-chief. The Government stands by that representation. Therefore, no *Bruton* issue exists in this matter.

### II. The Defendants are Properly Joined under Rule 8(b).

Defendant Kimberly Bowens argues that the defendants are improperly joined under Federal Rule of Criminal Procedure 8(b). (*See* ECF 38 at 2-3). Two defendants can be joined if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "In other words, there must be a logical relationship between the acts or transactions within the series." *See United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) (rejecting misjoinder argument when one defendant was charged with an additional drug distribution offense because there was "an adequate showing of commonality" between this offense and the co-defendant's crime). Acts or transactions are within a series when they are part of a common scheme or plan. *United States v. Halliman*, 923 F.2d 873, 883 (D.C. Cir. 1991). One classic example of proper joinder—applicable here—is "when defendants are charged with conspiracy to conceal a crime that part of their number are charged with committing." *See Perry*, 731 F.2d at 990 (quoting *United States v. Jackson*, 562 F.2d 789, 795 (D.C. Cir. 1977)).

Here, joinder was proper under Rule 8(b) because Mr. Baggott and Ms. Bowens are charged with involvement in the same transactions: Mr. Baggott is charged with shooting and killing a person while Ms. Bowens was in the car, and Ms. Bowens is charged with helping Mr.

4

Baggott repair the car to avoid detection and taking steps to conceal her own presence. That Mr. Baggott and Ms. Bowens are charged with different offenses for their respective roles does not make joinder improper. *See Halliman*, 923 F.2d at 883 (rejecting misjoinder argument when two drug defendants did not share any common counts when the government "offered proof that the spatial and temporal proximity of the offenses was not coincidental"); *United States v. Dorsey*, 2019 WL 3804113, at *13 (D. Md. August 13, 2019) (finding getaway driver charged with accessory after the fact was properly joined under Rule 8(b) with co-defendants who robbed and killed the victim, as the getaway driver's actions were "intertwined" with the other co-defendants and he was "certainly a participant in the circumstances giving rise to this case"). Rather, Mr. Baggott's offenses and Ms. Bowens' offenses are logically linked and intertwined. Ms. Bowens actions, as alleged, are a crime here because she was trying to help Mr. Baggott avoid detection after the shooting and conceal her own presence during the shooting. Ms. Bowens called an auto body shop while fleeing the shooting. Two days later, when the defendants were texting about repairing the car, Mr. Baggott shared a news article with surveillance video of their damaged car. Ms. Bowens' actions are part and parcel of the shooting that Mr. Baggott committed and their collective attempt to avoid detection. Joinder is thus proper under Rule 8(b).

### III. Severance is Not Warranted Under Rule 14.

Ms. Bowens also moves for severance under Rule 14, arguing that prejudice exists if the trials are not severed because, she argues, the jury could struggle to "compartmentalize the evidence." (*See* ECF 38 at 4). But Ms. Bowens overstates what, if any, prejudice would exist here. Because a jury would have to hear the evidence that Mr. Baggott shot the victim to understand how Ms. Bowens' actions constitute accessory after the fact and misprision of felony, the evidence at a joint trial is no different than a trial of Ms. Bowens alone, and so there is no

prejudice warranting severance here.

Under Rule 14, if the joinder of defendants in an indictment "appears to prejudice a defendant or the government, the court *may* . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Civ. P. 14(a).  But a showing of prejudice "does not result in an automatic grant of the motion." *See United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012).  Severance under Rule 14 is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.  A defendant seeking severance under Rule 14 has the "burden of demonstrating prejudicing resulting from a failure to sever." *See Gooch*, 665 F.3d at 1336.  That prejudice is "largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other." *See Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968).

Here, almost no prejudice could exist because, given the nature of the charges, the evidence at separate trials of Mr. Baggott and Ms. Bowens would be almost identical to a joint trial.  For a jury to understand how Ms. Bowens' actions constitute accessory after the fact and misprision of felony, the jury must hear about how Mr. Baggott shot the victim while Ms. Bowens was in the car. Ms. Bowens actions in seeking to get the car fixed—while fleeing the shooting—and returning to work to conceal her whereabouts only make sense considering Mr. Baggott's actions and Ms. Bowens' presence for his actions.

Despite arguing that the jury would struggle to "compartmentalize" the evidence, Ms. Bowens does not identify any specific evidence to support this claim.  In any event, a limiting instruction to the jury could help cure any minimal prejudice in this case.  *See Gooch*, 665 F.3d at 1336 ("Such limiting instructions are sufficient to address prejudice."); *United States v.*

*Carson*, 455 F.3d 336, 374 (D.C. Cir. 2006) (ruling that the defendants' arguments that there was a "risk of prejudice from the likelihood of evidentiary 'spillover' or juror confusion" failed to "account for the district court's limiting instructions to the jury").  Ms. Bowens, for instance, argues that Mr. Baggott bears a "far greater degree of culpability." (ECF 38 at 4).  But that does not prove prejudice.  The jury will be instructed on what each defendant is charged with, the elements for those offenses, and that they must consider each count and each defendant separately.  *See, e.g.,* D.C. Jury Instruction 2.404 (Multiple Defendants with Multiple Counts); 2.308 (Evidence Against One Defendant Only).  Consistent with Rule 14, a proper limiting instruction can provide the necessary protections to the defendants while preserving the judicial efficiency and economy in a joint trial.

For these reasons, severance under Rule 14 is not required, and any minimal prejudice can be cured with a limiting instruction.

## CONCLUSION

Mr. Baggott and Ms. Bowens were properly joined under Rule 8(b), and severance is not warranted under Rule 14.  Both motions to sever should be denied.

        Respectfully submitted,

        EDWARD R. MARTIN, JR.
        United States Attorney

By:   */s/ Ryan Lipes*
      Ryan Lipes, N.Y. Bar No. 5404843
      Special Assistant United States Attorney
      Cameron Tepfer, D.C. Bar No. 1660476
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 794-4312
      Ryan.lipes@usdoj.gov